**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| RANDY G. WILLIAMS, | |
|         Plaintiff, | 2:12-cv-01902-JCM-VCF |
| vs. | **REPORT AND RECOMMENDATION** |
| MICHAEL J. ASTRUE, | |
|         Defendant. | |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Randy G. Williams' application for Social Security Disability Insurance benefits pursuant to Title II of the Social Security Act. 42 U.S.C. Ch. 7. Before the Court is Plaintiff's Motion for Reversal (#10)[1], filed on May 20, 2013, and the Commissioner's Opposition and Cross-Motion for Summary Judgment (#11 and #12), filed on June 19, 2013. This action was referred to the undersigned Magistrate Judge for a report of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4.

**BACKGROUND**

**I.     Procedural History**

On December 8, 2009, Plaintiff filed an application for disability insurance benefits alleging he became disabled on August 26, 2008. (A.R. 18, 96-99). His claim was denied initially on April 30, 2010

---

[1] Parenthetical citations refer to the Court's docket number.

and again upon reconsideration on June 24, 2010. (A.R. 18, 66-68). On May 17, 2011, Plaintiff and his representative appeared for a hearing before Administrative Law Judge ("ALJ") John Heyer. (A.R. 33-58). On June 10, 2011, the ALJ issued an unfavorable decision, finding that Plaintiff had not been under a disability, as defined in the Social Security Act, from August 26, 2008 through the date of his decision. (A.R. 15-32). The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on September 4, 2012. (A.R. 1-6). On November 7, 2012, Plaintiff commenced this action for judicial review pursuant to 42. U.S.C. § 405(g). *See* Compl. (#1).

## II.     The Administrative Law Judge's Decision

The ALJ followed the five-step sequential evaluation process set forth at 20 C.F.R. §§ 404.1520 and 416.920 and issued an unfavorable decision on June 10, 2011. (A.R. 15-32). At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2013 and had not engaged in substantial gainful activity since August 26, 2008, the alleged onset date. (A.R. 20, Findings 1-2). At step two, the ALJ found that Plaintiff had the severe impairment of cervical and lumbar degenerative disc disease. (A.R. 20, Finding 3). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (A.R. 20, Finding 4).

Continuing with the sequential evaluation process, the ALJ found Plaintiff capable of performing a residual functional capacity for sedentary work including lifting up to 10 pounds occasionally, lifting up to 10 pounds frequently, and completing an eight hour work day if he could alternate between sitting and standing and was not required to use a computer monitor. (A.R. 20, Finding 5). At step four, the ALJ found that Plaintiff was unable to perform his past relevant work as a theatrical technician/stage tech based on vocational expert testimony. (A.R. 25, Finding 6). At step five, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform based on his age,

education, work experience, and residual functioning capacity. (A.R. 26, Finding 10). In doing so, the ALJ defined Plaintiff as a younger individual age 18-44, with at least a high school education, and able to communicate in English, and found transferable skills not material to the determination of disability. (A.R. 25-26, Findings 7-9). Based on all of these findings, the ALJ found Plaintiff not disabled and denied his application for a period of disability and disability insurance benefits. (A.R. 27).

## DISCUSSION

### I. <u>Judicial Standard of Review</u>

The Court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g); *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states, "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision of a District Court affirming, modifying or reversing a decision of the Commissioner *de novo*. *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); *see also Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson,* 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see also Flaten v. Sec'y of Health and Human Serv.,* 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

## II.     Disability Evaluation Process

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995), *cert. denied*, 517 U.S. 1122 (1996). To meet this burden, the

4

individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Batson*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520 and 416.920; *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *see also Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b) and 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b) and 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. §§ 404.1520(c) and 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. §§ 404.1521 and 416.921; Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p. If the

individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. §§ 404.1509 and 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h) and 416.920(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e) and 416.920(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence such as, all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

The fourth step requires the ALJ to determine whether the individual has the RFC to perform his past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(f) and 416.920(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), and 416.965. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(g) and 416.920(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

### III.     Analysis and Findings

Plaintiff seeks reversal of the ALJ's decision for the following alleged reasons: (1) the ALJ overlooked several of Plaintiff's impairments when rendering his decision, (2) the ALJ erred in determining Plaintiff's residual functioning capacity, and (3) the Commissioner's adverse credibility determination of Plaintiff is not supported by substantial evidence.

#### A.     Impairments Allegedly Overlooked

Plaintiff argues that the ALJ overlooked several of Plaintiff's impairments when rendering his decision. Plaintiff points to the ALJ's determination that Plaintiff's severe impairments were cervical

7

and lumbar degenerative disc disease (A.R. 20) and argues that the ALJ thus did not consider other impairments, specifically "cervical and lumbar spinal facet syndrome" (#10 at 20:23), "radiculopathy" (#10 at 21:7), "cervicalgia" (#10 at 21:18), "debilitating headaches" (#10 at 20:23), "pain" (#10 at 21:1), and time away from work (#10 at 21-22).

Plaintiff's argument is flawed because the allegedly overlooked impairments are tied to cervical and lumbar degenerative disc disease. The ALJ need not use the exact wording Plaintiff wanted him to use, such as "spinal facet syndrome" or discuss every bit of evidence or phrase from the extensive medical record. *See Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). As Plaintiff concedes on page 21 of his Motion for Reversal, "spinal facet syndrome" is a vague term that broadly encompasses pain originating from the vertebrae. "Radiculopathy" simply indicates that some nerves have been adversely affected, and "Cervicalgia" simply implies neck pain, both of which are clearly connected to the degenerative disc disease. The ALJ discussed these problems, even if not using the exact terms Plaintiff mentions, on pages 21-25 of the Administrative Record. "Debilitating headaches" and "pain" are effects of the degenerative disc disease and thus are inherently part of degenerative disc disease, and the ALJ extensively discussed both on pages 21-25 of the Administrative Record. The argument that the ALJ overlooked Plaintiff's time away from work is not applicable here because it has nothing to do with the ALJ's determination of the severity of the impairments. Therefore, the ALJ did not overlook Plaintiff's impairments.

### B.  Residual Functioning Capacity

The Court emphasizes that the objective here is not to determine whether the ALJ could have reasonably found a different residual functional capacity; rather, the objective is to see if substantial evidence supports the ALJ's finding. The Court finds that it does.

Plaintiff argues that the ALJ erred in determining Plaintiff's residual functional capacity. Plaintiff contends that the ALJ should have adopted the residual functional capacity determinations of Doctor Lanzkowski and Doctor Muir, which limited Plaintiff to "less than sedentary exertion" instead of the State Agency determination, which found that Plaintiff "could perform sedentary exertion." (A.R. 25, Finding 5). Plaintiff contends that the ALJ contravened the Social Security ruling in SSR 96-2p which states that "[i]f a treating source's medical opinion is well-supported and not inconsistent with the other substantial evidence in the case record, it must be given controlling weight; *i.e.*, it must be adopted." This argument is flawed because Doctor Lanzkowski's and Doctor Muir's findings were, in fact, inconsistent with other substantial evidence in the record, such as the State Agency's finding.

Further, the Ninth Circuit has made it clear that "it is the responsibility of the ALJ, not the claimant's physician, to determine the residual functional capacity." *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). Here, the ALJ considered the evidence, including the opinions of all the doctors, when determining the residual functional capacity of Plaintiff. (A.R. 20-25). The record contains substantial evidence to support the ALJ's determination of a reasonable residual functional capacity that was a hybrid of the findings of the doctors when he determined that Plaintiff could "perform sedentary work…including lifting up to 10 pounds occasionally and 10 pounds frequently," and that he could "complete an eight hour work day, if given the option to alternate between sitting and standing as needed," and that "he has no use of a computer monitor" (A.R. 20, Finding 5). Indeed, the ALJ mostly adopted the State Agency's determination of residual functional capacity but altered it to add a limitation—the option to alternate between sitting and standing—in accordance with the findings of Doctors Lanzkowski and Muir. Further, the opinion of Doctor Shah, which he provided within the same three-week time period of the opinions of Doctors Lanzkowski and Muir and as Plaintiff's condition continued to improve, was that Plaintiff could perform sedentary work as long as he could alternate

9

between sitting and standing. (A.R. 887). For the foregoing reasons, the Court finds that substantial evidence supports the ALJ's finding of Plaintiff's residual functional capacity.

### C. Adverse Credibility Determination

Plaintiff argues that the ALJ incorrectly determined Plaintiff's credibility when claiming the degree of his disabling limitations. (#10 at 25). When evaluating a claimant's credibility, the ALJ is required to engage in a two-step analysis: (1) determine whether the individual presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of the pain or other symptoms; and if so, with no evidence of malingering, and (2) reject the individual's testimony about the severity of the symptoms only by giving specific, clear, and convincing reasons for the rejection. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The ALJ's decision satisfies this test because it gave specific, clear, and convincing reasons for the rejection.

Plaintiff contends that the ALJ incorrectly rejected the opinions of Doctors Lanzkowski and Muir. (#10 at 25). For the reasons set forth in the preceding section, this argument is without merit. Plaintiff also contends that the ALJ did not discuss "pain from lumbar and cervical spinal facet syndromes and headaches, the primary causes of the claimant's disability." (#10 at 25-26). Plaintiff's assertion is inaccurate this because the ALJ, in his credibility determination on pages 25 and 26 of the Administrative Record, clearly discussed these issues. For example, the record mentions "x-rays of his neck showed good range of motion", "claimant reported significant improvement (over 95%) in pain symptomatology", "90% improvement in neck and low back pain", "back and neck pain is 'tolerable'", "EMG in July 2010 showed no cervical or lumbar radiculopathy", and "claimant testified that the injections helped a lot." (A.R. at 25-26). These statements also discredit Plaintiff's claim because they show Plaintiff's improved condition with treatment and time. Plaintiff also contends that the ALJ did not use "a complete and accurate summary of the medical record" when he determined Plaintiff's

credibility; however, this argument is without merit because the ALJ outlined the evidence as a whole in the entirety of the decision and sufficiently in this section to show sufficient reasons for discrediting Plaintiff's credibility. For the foregoing reasons, the ALJ did not err in determining Plaintiff's credibility.

### IV.    Conclusion

Judicial review of the ALJ's decision to deny disability benefits is limited to whether the decision is free from legal error and supported by substantial evidence. It is the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and resolve conflicts in the evidence, including differences of opinion. Having reviewed the Administrative Record as a whole and weighed the evidence that supports and detracts from the conclusion, the Court finds that the ALJ's decision is supported by substantial evidence under 42 U.S.C. § 405(g).

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Plaintiff's Motion for Reversal (#10) be DENIED.

IT IS FURTHER RECOMMENDED that Defendant's Cross-Motion for Summary Judgment (#12) be GRANTED.

DATED this 2nd day of December, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE