# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RANDY G. WILLIAMS,

          Plaintiff(s),

v.

CAROLYN W. COLVIN,

          Defendant(s).

2:12-CV-1902 JCM (VCF)

## ORDER

Presently before the court are the report and recommendation of Magistrate Judge Ferenbach. (Doc. # 14). Plaintiff Randy G. Williams filed an objection to the recommendation (doc. # 16) and a corresponding supplement, (doc #20). Defendant filed a response to plaintiff's objections. (Doc. # 18).

On December 8, 2009, plaintiff filed an application for disability insurance benefits alleging he became disabled on August 26, 2008. His claim was initially denied on April 30, 2010, and again upon reconsideration on June 24, 2010. On May 17, 2011, plaintiff appeared with representation before administrative law judge ("ALJ") Heyer and on June 10, 2011, the ALJ issued a decision against the plaintiff, finding that he was not disabled, as defined by the Social Security Act, from August 26, 2008, through the date of the decision. The appeals council denied the plaintiff's request for review on September 4, 2012, at which point the ALJ's decision became final.

. . .

**James C. Mahan**
**U.S. District Judge**

On November 7, 2012, the plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g).  After thoroughly analyzing plaintiff's grounds for review, Magistrate Judge Ferenbach recommended that plaintiff's motion to remand (doc. #10) be denied and summary judgment be granted in favor of defendant. (Doc. # 14). Plaintiff objects to Magistrate Judge Ferenbach's report, arguing that the magistrate judge erred (1) by failing to justify the ALJ's action to omit discussion of plaintiff's lumbar and cervical facet syndrome, myofascial pain syndrome, and headaches, (2) incorrectly determining the credibility of claimant's statements under federal law, (3) rejecting credible evidence of the treating physician in favor of the opinion of the ALJ's findings, and (4) allowing testimony of the ALJ vocational expert. The court will address these arguments in turn.

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). In reviewing the decision of the ALJ, the standard of review is whether there is substantial evidence in support of the determination and is entitled to deference when the evidence may support more than one outcome. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Morgan v. Comm'r of SSA*, 169 F.3d 595, 599 (9th Cir. 1999).

In his first objection, plaintiff argues that the ALJ failed in its duty to identify and evaluate all of the claimant's alleged impairments and thereafter the magistrate judge overlooked the severity of his impairments and failed to conduct an analysis of the plaintiff's pain and other symptoms. Furthermore, the plaintiff objects to the magistrate judge's justification for the ALJ's omission of

. . .

. . .

James C. Mahan
U.S. District Judge

1  explicit discussion of the "other impairments" through determining that the impairments were
2  "inherently part of degenerative disc disease," which was discussed and evaluated at length. (Doc.
3  #14).

4  However, the court need not resolve whether there was an error in regards to this objection
5  because the ALJ did find that the plaintiff had severe impairments and therefore any error, if
6  committed, was harmless. *Burch*, 400 F.3d at 682-84 (concluding that any error committed . . . was
7  harmless because the step was resolved in claimant's favor and considered all impairments in
8  assessing the residual functioning capacity). This rationale also addresses the plaintiff's claim that
9  the decision must be remanded for the magistrate judge's post hoc rationalization for the basis of the
10 ALJ's decision. (Doc. #20).

11 In his second objection, plaintiff argues that the magistrate judge erred in failing to consider
12 that the ALJ ignored federal law governing credibility determinations when finding the claimant's
13 statements regarding his level of pain were not credible. To determine whether a claimant's testimony
14 regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis.
15 *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). "First, the ALJ must determine
16 whether the claimant has presented objective medical evidence of an underlying impairment which
17 could reasonably be expected to produce the pain or other symptoms alleged . . . . Second, if the
18 claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the
19 claimant's testimony about the severity of her symptoms only by offering specific, clear and
20 convincing reasons for doing so." *Id.* at 1036 (internal citations and quotation marks omitted).

21 In order to support a lack of credibility finding, when a subjective finding of pain is supported
22 by objective medical evidence, the ALJ is required to "point to specific facts in the record which
23 demonstrate [the plaintiff] is in less pain than [he] claims." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th
24 Cir. 1993). In the instant case the ALJ's conclusion was supported by the plaintiff's treatment record
25 which cited specific facts, including objective medical findings such as an MRI, x-rays, evidence
26 regarding plaintiff's daily activities, and plaintiff's own descriptions of his pain. (Doc. #18). After
27 considering this entire body of evidence, including plaintiff's testimony regarding pain management,
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  the ALJ found that plaintiff's account of his pain lacked credibility. *See Celaya v. Halter*, 332 F. 3d
2  117, 1181 (9th Cir. 2003) (holding that pain complaints were properly rejected where the ALJ
3  "reasonably noted" evidence that pain had come under control); *Morgan*, 169 F.3d at 599 (upholding
4  adverse credibility determination where ALJ properly accounted for physician's report of
5  improvement with medication). Therefore, the court finds that the magistrate judge did not err in
6  recommending the affirmation of the ALJ's finding that plaintiff was less than fully credible.

7  In his third objection, plaintiff claims that the magistrate judge erred in recommending the
8  court affirm the ALJ's evaluation of the medical evidence. Specifically, the plaintiff argues that the
9  ALJ erred in choosing the state reviewer's form rather than favoring the treating physician's opinion,
10  thereby leading to the denial of the claim. (Doc. #20).  However, it is clear that the ALJ considered
11  the record as a whole and adopted a combination of the differing medical evaluations to the extent
12  they were consistent with each other. *See Magallanes v. Bowen*, 881 F.2d 747, 751, 753 (9th 1989)
13  (holding that the ALJ "may disregard the treating physician's opinion whether or not it is
14  contradicted" and that a treating physician's opinion is not necessarily conclusive as to the physical
15  condition of the claimant or the ultimate issue of a claimant's social security disability). Therefore,
16  the magistrate judge did not err in affirming the ALJ's evaluation of the medical evidence.

17  Plaintiff's final objection is that the magistrate judge improperly recommended the court
18  affirm the ALJ's reliance on vocational expert testimony in determining that, although plaintiff could
19  no longer perform his past relevant work, a significant number of alternate jobs existed that he could
20  perform with his residual functional capacity.

21  Plaintiff takes issue with this finding for the first time in his reply in support of his
22  objections. The court rejects this new argument as it was not raised in his initial objections. *See, e.g.,*
23  *Eberle v. City of Anaheim*, 901 F.2d 814, 817-18 (9th Cir. 1990) (noting new issues cannot be raised
24  in a reply); *United States v. Bohn*, 956 F.2d 208 (9th Cir. 1992) (same).

25  After conducting a de novo review of the portions of the report properly objected to, the court
26  hereby ADOPTS the magistrate judge's findings in full.

27  . . .

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the report and recommendation of Magistrate Judge Ferenbach (doc. # 14) be, and the same hereby are, ADOPTED in their entirety.

IT IS FURTHER ORDERED that plaintiff's motion to remand (doc. #10) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion for summary judgment (doc. #12) be, and the same hereby is, GRANTED. The clerk shall enter judgment accordingly and close the case.

DATED May 27, 2014.

_____
UNITED STATES DISTRICT JUDGE